UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:16-CV-14527-ROSENBERG

PATRICIA A. KLEIN, *on behalf of herself*
*and all others similarly situated,*

      Plaintiff,

v.

MCKINNON & HAMILTON, PLLC,
*a Florida Limited Liability Company,* and
CHARLES W. MCKINNON*, individually,*

      Defendants.
_____/

## JOINT MOTION FOR PRELIMINARY APPROVAL OF
## CLASS ACTION SETTLEMENT

Plaintiff, Patricia A. Klein, (the "Plaintiff" & "Class Representative"), and Defendants, McKinnon & Hamilton, PLLC and Charles W. McKinnon, ("Defendants") request that the Court enter an order: (1) preliminarily approving the proposed Class Action Settlement Agreement and; (2) setting a hearing to finalize approval of the Class Action Settlement Agreement.

In support of their Joint Motion, the Parties state:

1.    Counsel for Plaintiff and Defendants have reviewed and analyzed the factual and legal issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained, and possible outcomes of one or more procedural and/or substantive appeals.

2.    Based upon this review and analysis, Plaintiff and Defendants embarked upon and concluded comprehensive settlement discussions which resulted in the execution of the Class Action Settlement Agreement (the "Class Settlement Agreement") attached hereto as "Exhibit 1".

3.    The Parties desire to settle and compromise the Class Action on the terms and conditions embodied in the Class Settlement Agreement and the Court has certified a Class of approximately 61 members defined as follows:

> (i) all persons with addresses in the State of Florida (ii) to whom initial communication letters were mailed, delivered or caused to be mailed or delivered by Defendants (iii) that contained the phrases "Please forward a check in the above amount payable to McKinnon & Hamilton, PLLC Trust Account for processing. If we do not receive your payment within thirty days from your receipt of this letter, a Claim of Lien will be recorded in order to secure unpaid assessments, as well as costs, interest and attorney's fees incurred in collecting the assessments." (iv) that were not returned undeliverable by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or household purposes (vi) during the one year period prior to the filing of the original Complaint in this action through the date of certification.

4.    A Class having been previously certified in this action, [DE 23], the Parties respectfully submit that all of the requirements of *Rule 23* of the *Federal Rules of Civil Procedure* have been satisfied.

5.    Under the terms of the Class Settlement Agreement and subject to Court approval:

   a.   Defendants will pay each Class Member, who did not opt out of the Class Settlement Agreement and Class Action, an equal share of the $23,111.04 (1% of the net worth of Defendants') fund ("Settlement Fund").

   b.   Defendants will pay $2,000.00 in total to the Class Representative for her role in this litigation.

   c.   Upon approval by the Court, the Defendants will pay the reasonable attorney's fees and costs of Class Counsel in the amount of $13,000.00. This amount is to be paid in addition to, and not out of, the amounts paid to the Class Representative and the Class Members. For purpose of this Motion,

        the Defendants concede that Plaintiff is the prevailing party exclusively for allowance of an award of attorney's fees and costs.

    d.    Using First Class, Inc. as the Settlement Administrator, Plaintiff must cause to be mailed by first class mail: (1) the Notice of Class Action Settlement and (2) the settlement checks.

    e.    Defendants will pay the costs of (1) providing the Notice of Class Action Settlement to each of the Class Members at their last known addresses, or such an address as Defendants are able to locate through their best efforts using all information at hand, using First Class, Inc. as the Settlement Administrator, and (2) all other costs for settlement administration including the creation and mailing of settlement checks.

    f.    To the extent that there are any funds from un-cashed, expired settlement checks said funds will be paid to Florida Rural Legal Services, Inc., as a *cy pres* award for consumer representation, education and advocacy within the geographic boundaries of the United States District Court for the Southern District of Florida.

6. Counsel for Plaintiff and the Class believe that the settlement of this action on the terms and conditions set forth in the Class Settlement Agreement is fair, reasonable, and adequate, and would be in the best interests of the members of the Class. The Class Settlement Agreement was the product of arm's length negotiations.

7. The Parties desire to settle and compromise the litigation on the terms and conditions embodied in the Class Settlement Agreement. Should the Parties resume litigation the Class faces considerable risk that a judgment, should one be forthcoming at all, would not exceed

the Settlement Fund, as the amount of Settlement Fund, i.e. the $23,111.04, constitutes the maximum available statutory damages recoverable to this Class under the *Fair Debt Collection Practices Act*.

8. For purposes of the awarding of attorney's fees, Plaintiff shall be considered the prevailing party.

9. The Court has previously approved the form of the Notice of Pendency of Class Action that was sent to the Class, previously attached to the Plaintiff's Unopposed Motion Seeking Approval of Class Notice Form and Notice Plan and Memorandum in Support Thereof [DE 25-1]. A Notice of Compliance informing the Court that the Notice of Pendency of Class Action was mailed to the Class Members was filed with the Court on June 19, 2017. [DE 31].

10. A Notice of Class Action Settlement shall be sent to all identified Class Members. Each Class Member that did opt out or otherwise exclude themselves will be sent their *pro rata* share of $23,111.04. The Notice of Class Action Settlement is attached hereto as "Exhibit 2."

11. The Parties have agreed on the language of the Proposed Preliminary Approval Order of the Class Action Settlement attached hereto as "Exhibit 3."

WHEREFORE, the Parties respectfully request that the Court enter an Order: preliminarily approving the proposed Class Action Settlement and set a hearing to finalize approval of the Class Action Settlement.

Dated: October 23, 2017

                      Respectfully submitted,

                      */s/Leo W. Desmond*
                      Leo W. Desmond, Esq.
                      Florida Bar Number 0041920
                      DESMOND LAW FIRM, P.C.
                      5070 Highway A1A, Suite D
                      Vero Beach, Florida 32963

Telephone: 772.231.9600
Facsimile:  772.231.0300
lwd@desmondlawfirm.com
*Attorney for Plaintiff*

*/s/ Lewis W. Murphy, Jr.*
Lewis W. Murphy, Jr. Esq.
Florida Bar Number 0909467
MURPHY & WALKER, P.L.
2001 U.S. Highway 1
Vero Beach, Florida 32960
Telephone: 772.231.1900
Facsimile: 772.231.4387
wmurphy@murphywalker.com
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 23, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

       */s/ Leo W. Desmond*
Leo W. Desmond, Esq.
Florida Bar Number 0041920
DESMOND LAW FIRM, P.C.
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile:  772.231.0300
lwd@desmondlawfirm.com
*Attorney for Plaintiff*

**SERVICE LIST**
Lewis W. Murphy, Jr. Esq.
Florida Bar Number 0909467
MURPHY & WALKER, P.L.
2001 U.S. Highway 1
Vero Beach, Florida 32960
Telephone: 772.231.1900
Facsimile: 772.231.4387
wmurphy@murphywalker.com
*Attorney for Defendants*