**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 2:16-CV-14527-ROSENBERG/LYNCH

PATRICIA A. KLEIN, *on behalf of herself*
*and all others similarly situated*,

      Plaintiff,

v.

MCKINNON & HAMILTON, PLLC,
*a Florida Limited Liability Company, and*
CHARLES W. MCKINNON, *individually,*

      Defendants.
_____/

**JOINT MEMORANDUM IN SUPPORT OF**
**FINAL APPROVAL OF CLASS SETTLEMENT**

Plaintiff, Patricia A. Klein, ("Plaintiff" & "Class Representative"), on behalf of herself and the Class she represents, and Defendants, McKinnon & Hamilton, PLLC, and Charles W. McKinnon, (collectively "Defendants"), jointly submit this Memorandum in support of Final Approval of Class Settlement.

**I.    PROCEDURAL HISTORY**

1. On November 30, 2016, Plaintiff filed her Class Action Complaint alleging that Defendants violated the *Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.* [DE 1].

2. On December 21, 2016, Defendants filed their Answer and Affirmative Defenses to Plaintiff's Class Action Complaint. [DE 8].

1

3. On January 9, 2017, Plaintiff served her first set of discovery requests. Defendants served their initial responses on February 7, 2017.

4. On February 18, 2017, Plaintiff and Defendants filed their Joint Motion for Class Certification. [DE 18].

5. On March 16, 2017, the Court certified a class defined as "(i) all persons with addresses in the State of Florida (ii) to whom initial communication letters were mailed, delivered or caused to be mailed or delivered by Defendants (iii) that contained the phrases "Please forward a check in the above amount payable to McKinnon & Hamilton, PLLC Trust Account for processing.  If we do not receive your payment within thirty days from your receipt of this letter, a Claim of Lien will be recorded in order to secure unpaid assessments, as well as costs, interest and attorney's fees incurred in collecting the assessments." (iv) that were not returned undeliverable by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or household purposes (vi) during the one year period prior to the filing of the original Complaint in this action through the date of certification." [DE 23].

6. The parties have reached a class-wide settlement regarding all issues subject to the Court's approval and, pursuant to *Rule 23(e)*, request the Court to grant final approval of the Class Settlement Agreement.

7. The Court appointed Patricia A. Klein as the Class Representative and, pursuant to *Federal Rule of Civil Procedure 23(g)*, Leo W. Desmond as Class Counsel. The Court ordered a fairness hearing to take place on February 14, 2018.  [DE 39].

8. On June 16, 2017, Plaintiff caused notice to be sent to the sixty-one (61) class members by First Class, Inc., via First Class mail, postage prepaid, with Forwarding Service Requested. Twenty-four (24) notices were returned undeliverable with no forwarding address, and zero notices were returned with a new address and re-mailed. No objections were received. No requests for exclusion were received. *See* Affidavit of Bailey Hughes, attached hereto as "Exhibit 1."

9. The Parties, having complied with the Preliminary Approval Order [DE 39], and pursuant to *Rule 23(e)*, request the Court grant final approval of the Class Settlement Agreement.

## II.   THE CLASS SETTLEMENT

The Class Settlement Agreement contemplates an award of damages to Ms. Klein and the Class certified by this Court. It also includes payment of the costs of notice and class administration, and of Plaintiff's costs and reasonable attorney fees. [DE 37-1].

The Class Settlement Agreement contains issues subject to the Court's approval and pursuant to *Rule 23(e)*, the parties request the Court to grant final approval thereof.

Pursuant to the Class Settlement Agreement, the parties have agreed to the following terms:

(a) Defendants shall pay a total of $23,111.04 to the class for statutory damages pursuant to *15 U.S.C. §1692k(a)(2)(B)* to be distributed on a *pro rata* basis to each class member who does not timely opt out, object or exclude him or herself from the class settlement;

(b) Defendants shall pay Plaintiff $2,000.00 in recognition for her service as Class Representative;

(c) Plaintiff shall be deemed the prevailing and successful party solely for purposes of an award of costs and attorney fees. Defendants shall pay Plaintiff's costs and reasonable attorney fees in the amount of $13,000.00; and

3

> (d) Defendants shall pay the costs of notice and class administration directly to the class administrator in advance of the services necessitating any such costs. Plaintiff's Counsel shall be responsible for directing the class administrator.

The Parties agree that any amounts remaining from uncashed checks after the Class Members' checks have expired should be sent by Class Counsel as a *cy pres* award to Florida Rural Legal Services, Inc., to use towards consumer representation, education or advocacy.

### III.    FINAL APPROVAL SHOULD BE GRANTED

"Rule 23(e) wisely requires court approval of the terms of any settlement of a class action[.]" *Evans v. Jeff D.*, 475 U.S. 717, 726 (1986).

This Court should be guided by "the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). Class action "settlements are 'highly favored in the law and will be upheld whenever possible because they are means of amicably resolving doubts and preventing lawsuits.'" *Bennett v. Behring Corp.*, 96 F.R.D. 343, 348 (S.D. Fla. 1982) *aff'd* 737 F.2d 982 (11th Cir. 1984) quoting *Miller v. Rep. Nat. Life Ins. Co.*, 559 F.2d 426, 428 (5th Cir. 1977).

"At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness.'" *Tornes v. Bank of America, NA*, 275 F.R.D. 654, 661 (S.D. Fla. 2011) citing 4 Newberg § 11.26. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Id.* quoting *Smith v. Wm. Wrigley Jr. Co.*, 2010 U.S. Dist. LEXIS 67832, at * 7 (S.D. Fla. Jun. 15, 2010). "Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness." *Id.* at 661.

4

The Southern District of Florida has described the standard for final approval of a class settlement as follows: "[a] district court may approve a settlement only if it 'is fair, adequate and reasonable, and … not the product of collusion between the parties.'" *Behrens v. Wometco Enterprises*, *Inc.*, 118 F.R.D. 534, 538 (S.D. Fla.1988) quoting *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977). *See also, Reynolds v. Benefit Nat'l Bank*, 288 F.3d 277, 279 (7th Cir. 2002).

The Eleventh Circuit has approved six factors to be used in determining whether a settlement is fair, adequate and reasonable:

> (1) the [Plaintiff's] likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of the litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

*Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984).

The Ninth Circuit has considered the standard for approval of a class settlement and stated:

> Fed. R. Civ. P. 23(e) provides that "[a] class action shall not be dismissed or compromised without the approval of the court …" although Rule 23(e) is silent respecting the standard by which a proposed settlement is to be evaluated, the "universally applied standard is whether the settlement is fundamentally fair, adequate and reasonable." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 at 625 (9th Cir.1982), cert. denied, 459 U.S. 1217, 75 L.Ed.2d 456, 103 S.Ct.1219 (1983). *See generally* Marc Glanter, *The Federal Rules and Quality of Settlements,* 137 U.Pa.L.Rev. 1231 (1989).

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir.1992).

The Class Settlement Agreement meets the standard of fundamental fairness and should be given final approval by this Court.

### A. THE TERMS OF SETTLEMENT ARE FUNDAMENTALLY FAIR

The settlement proposed here is fair to all Parties and Class Members. The *FDCPA* provides for statutory damages to the Class not to exceed 1 per centum of the net worth of each Defendant. *15 U.S.C. §1692k(a)(2)(B)*. Defendant, McKinnon & Hamilton, PLLC, has produced documentary evidence to Class Counsel of its value (net worth) as $262,004.49. Defendant, Charles W. McKinnon, has produced documentary evidence to Class Counsel of his net worth as $2,049,103.69.[1] Therefore, the maximum the Class could recover at trial - 1% of Defendants' net worth - is $23,111.08. Plaintiff has obtained $23,111.04 in statutory damages for the class.

Defendants have also agreed to pay to Plaintiff the sum of $2,000.00 in recognition for her service as Class Representative and for her statutory damages.

Defendants have also agreed to pay for all costs of class notice and administration. Finally, Defendants have agreed to pay costs and attorney's fees in the amount of $13,000.00 contingent upon approval by the Court.

As discussed below, consideration of the factors delineated above lead to the conclusion that final approval of the Class Settlement Agreement should be granted.

#### 1. Strength of Plaintiff's Case Compared to Defendants' Settlement Offer

Plaintiff has alleged that Defendants sent letters to Plaintiff and the Class that violated the *FDCPA*.

Defendants would present evidence that, if they violated the *FDCPA*, the violation was unintentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures

---

[1] Net worth calculated using fifty percent of joint assets minus liabilities plus one hundred percent of individual assets minus liabilities.

6

reasonably adapted to avoid such an error.  If liability is proven, Defendants would further present evidence that the Class is entitled to little or no damages, based on the criteria required by the *FDCPA* (see *15 U.S.C. §1692k(b)(2)*).  While Plaintiff is confident she will prevail on the claims for relief, Defendants may be successful in their efforts to eliminate or reduce the amount of damages sought.  Nevertheless, Plaintiff has obtained for the Class Members the maximum statutory damages allowed under the *FDCPA*.

Class statutory damages are based on the net worth of Defendants.  *15 U.S.C. §1692k(a)(2)(B)*.  Defendants' net worth has been shown to be $2,311,107.67.  Therefore, the maximum the Class could recover at trial - 1% of Defendants' net worth - is $23,111.08.  Plaintiff has obtained $23,111.04 in statutory damages for the Class, which is essentially equal to 1% of Defendants' net worth.  The factors to be used by the Court in determining the amount of statutory damages include "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional."  *15 U.S.C. 1692k(b)(2)*.  It is not guaranteed that the Class would receive the maximum amount of statutory damages.

Nonetheless, the agreed settlement amount of $23,111.04 for the Class represents an amount for the Class Members that is essentially equal to the maximum they could recover at trial under the *FDCPA*.

### 2. Assessment of the Likely Complexity, Length and Expense of Further Litigation

Although this case is not overly complex, further litigation would be expensive.  The deadline for mediation and the filing of dispositive motions was approaching.  Even if summary

judgment was granted in Plaintiff's favor, a trial would be needed to determine damages. The foregoing would cause both Parties to incur significant expense and attorney fees. It is also possible that either party would appeal the final judgment in this matter as well.

Because of the issues regarding liability and the factors used to determine damages, the agreement reached is beneficial to the Class because of the risk regarding the amount of damages the Class could recover at trial. It is possible that, following lengthy and expensive proceedings, little or no compensation would be recovered for the Class. It is certain that more money could not be recovered as Plaintiff has obtained for the Class, pursuant to the Settlement Agreement; the maximum amount as permitted by the *FDCPA*.

It is clear that continued litigation would be expensive and would prolong the duration before any possible recovery, especially if one or both parties appeal the final judgment. The zeal displayed by both Parties thus far and in the positions taken in the settlement negotiations strongly suggests that the matter would be vigorously prosecuted and defended at trial - and beyond.

### 3. An Evaluation of the Amount of Opposition to Settlement Among Affected Parties

There is no opposition to the Class Settlement. Significantly, no objections were received, and no requests for exclusion were received. See "Exhibit 1" Affidavit of Bailey Hughes and "Exhibit 2" Declaration of Leo W. Desmond. Therefore, there is no opposition to the Class Settlement Agreement.

### 4. The Opinion of Competent Counsel

Plaintiff is represented by Leo W. Desmond. Mr. Desmond has been an attorney for over twenty-three years, primarily in the area of class action litigation. He has been involved in the

litigation of over one hundred class action lawsuits. See the Declaration of Leo Wassner Desmond, adopted herein. [DE 20].

Defendant is represented by Lewis W. Murphy, Jr.  Mr. Murphy has been in practice for over twenty-five years.

Both counsel for Plaintiff and Defendants believe that under the circumstances the proposed settlement is fair, reasonable, and adequate, and recommend that the Court approve the Class Settlement Agreement of this litigation.

### 5. The Amount of Discovery Completed at Time of Settlement

The deadline for discovery to be completed has past as of August 4, 2017.  Defendants responded to Plaintiff's written discovery requests, but Plaintiff had not yet taken Defendants' depositions.  Defendants had not served discovery requests, nor taken Plaintiff's deposition.  However, enough discovery had been taken to determine Defendants' net worth and the size of the Class.  Plaintiff recovered for the Class the amount that would have been available at trial, 1% of the Defendants' combined net worth.

Upon consideration of the foregoing factors, the proposed settlement of this litigation is fair, reasonable, and adequate.  The parties request the Court to approve the Class Settlement Agreement of this class action.

### IV. CONCLUSION

The parties request that the Court grant final approval of the Class Settlement Agreement, in the form of "Exhibit 3" as it is fair, reasonable, and adequate to the parties and class members. Dated: February 6, 2018.

By: */s/* Leo W. Desmond
LEO W. DESMOND, ESQ.
Florida Bar No. 0041920

>
> DESMOND LAW FIRM, P.C.
> 5070 Highway A1A, Suite D
> Vero Beach, Florida 32963
> Telephone: 772.231.9600
> Facsimile: 772.231.0300
> lwd@desmondlawfirm.com
> *Counsel for Plaintiff and the Class*
>
>
> By: */s/* Lewis W. Murphy, Jr.
> LEWIS W. MURPHY, JR., ESQ.
> Florida Bar No. 0909467
> MURPHY & WALKER, P.L.
> 2001 U.S. Highway 1
> Vero Beach, Florida 32960
> Telephone: 772.231.1900
> Facsimile: 772.231.4387
> wmurphy@murphywalker.com
> Counsel for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of February, 2018 I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day via U.S. Mail and/or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

    Respectfully submitted,
    */s/ Leo W. Desmond*
    Leo W. Desmond, Esq.
    Florida Bar No. 0041920
    DESMOND LAW FIRM, P.C.
    5070 Highway A1A, Suite D
    Vero Beach, Florida 32963
    Telephone: (772) 231.9600
    Facsimile: (772) 231.0300
    lwd@desmondlawfirm.com
    *Attorney for Plaintiff and the Class*

**SERVICE LIST**
Lewis Wilson Murphy, Esq.
Florida Bar No. 0909467
MURPHY & WALKER, P.L.
2001 U.S. Highway 1
Vero Beach, FL 32960
Telephone: (772) 231.1900
Facsimile: (772) 231.4387
wmurphy@murphywalker.com
*Attorney for Defendants*